IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PENNSYLVANIA HIGH EDUCATION ASSISTANCE AGENCY | * | |
| v. | * | Civil No. JFM-02-2161 |
| WAYNE K. KNOLL, JR. | * | |

*****

ORDER

Defendant having requested a sixty day extension to file his response in this case by a letter dated August 14, 2002 (a copy of which is attached) and plaintiff having advised the court (by a letter dated September 16, 2002) that it does not object to a one-time extension, it is, this 20th day of September 2002

ORDERED that the time for defendant to respond to the complaint is extended to October 15, 2002.

J. Frederick Motz
United States District Judge



To:   U.S. District Court
      District Court of Maryland
      Northern Division
      101 West Lombard
      Baltimore, MD  21201

From : Wayne Knoll, DPM
       320 Adams St.
       Annapolis, MD
            21403

Re: Civil Case #  JFM02CV2161                        14 August 2002

Dear Court,

   In regards to my civil case versus Pennsylvania Higher Education Assistance Agency. I request a 60 day extension on filing my response to a summons dated in mid July 2002. I am try to form together a legally intelligent response on my own. I am not a lawyer and do not have the money to afford a lawyer, so my resources are extremely limited and have been for over 12 years as a student, podiatric student, resident. Intern and now starting my practice. I would also like to request where I might get some legal help in this matter presented before me. I made less then $12,000 last year and have pretty much not made any money in the last 14 years ( 4 yrs college, 4 years podiatry school, 2 years residency 1 year as an assistant and now 2 years of trying to get on insurance plans (they limit the number of "providers" on there panels.) My total school loans are roughly $210,000 on a salary of $12,000.  I take care of the citizens of Maryland and the United states and even treat military, 911 victims, elderly and indigent. But the cost of being able to treat these people is extraordinarily high. It has cost me over $500,000 and 12 years to get to the point where I can serve the people of America and Maryland, and now I can't even afford to pay my rent for my wife and I.

Sincerely,

Wayne Knoll, DPM

# GILL & SIPPEL
ATTORNEYS AT LAW

JOSEPH D. GALLAGHER
THOMAS J. SIPPEL
JOHN G. GILL, JR.
CYNTHIA A. RAPOSO

THE B&O RAILROAD STATION
98 CHURCH STREET
ROCKVILLE, MARYLAND 20850
TELEPHONE: (301) 251-9200
(301) 340-9444
FAX: (301) 762-6176

September 16, 2002

**VIA HAND DELIVERY**

The Honorable J. Frederick Motz
U.S. District Court for the
District of Maryland
101 West Lombard Street
Baltimore, MD 21202

      Re:    Pennsylvania Higher Education Assistance Agency v. Wayne K. Knoll, Jr.
              Civil No. JFM-02-2161

Dear Judge Motz:

     I have discussed the matter with my client, Pennsylvania Higher Education Assistance Agency (PHEAA), of granting Dr. Knoll a 60 day extension in which to file an answer to the summons and complaint which were served on him July 22, 2002. PHEAA will allow a one-time extension to file an answer to the complaint.

     Beyond this extension of time, PHEAA's option under the terms of the promissory note and the U.S. Department of Health and Human Services guidelines are limited. Dr. Knoll has exhausted the 24 months of available forbearance time to which he is entitled under the terms of the consolidation promissory note. In addition, a one-year extension was approved by the U.S. Department of Health and Human Services (HHS). Therefore, with respect to PHEAA, Dr. Knoll has no other recourse but to remit the monthly payments.

     There is one other recommendation that PHEAA can make to Dr. Knoll. That would be for Dr. Knoll to look into a possible consolidation of his debt with the other school loans he mentioned in his letter of August 14, 2002 in correspondence to the court. The William D. Ford Foundation direct loan program, under the U.S. Department of Education, offers flexible re-payment options to approve borrowers, including income contingent repayment plans. For information regarding this loan consolidation program, Dr. Knoll can call 1-800-557-7392 or review the website at www.ed.gov/directloan. If Dr. Knoll were to pursue the direct loan consolidation program, PHEAA would not oppose a continuance in the matter, provided Dr. Knoll submits documentation in writing to PHEAA that he has applied for consolidation of his

The Honorable J. Frederick Motz
September 16, 2002
Page 2 of 2

PHEAA owned debt and will remits monthly payments of $751.21 until his consolidation process is complete the process could take as long as 90 days.

Absent the above options, PHEAA has no alternative but to proceed with the suit as directed by the U.S. Department of Health and Human Services.

By copy of this letter, I am providing Dr. Knoll with his options and will follow up the letter with discussions with Dr. Knoll, as the court suggested in its letter of September 5, 2002.

Very truly yours,

Thomas J. Sippel
Attorney for PHEAA

TJS/sj

cc: Wayne K. Knoll, Jr., DPM
   K. Kevin Murphy, Esquire (Counsel to PHEAA)